UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL G. LONG,

        Petitioner,        Civil No. 1:14-CV-10703
                                  Honorable Thomas L. Ludington

v.

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Michael G. Long is a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his Public Safety Factor rating of "Greatest Severity." For the reasons which follow, the petition will be dismissed.

**I**

Long pleaded guilty in the United States District Court for the Southern District of Iowa of conspiring to knowingly distribute at least 50 grams of a mixture containing cocaine base, at least 500 grams of a mixture containing cocaine and a mixture containing methamphetamine, and possession of firearms in furtherance of drug trafficking. On June 30, 2011, he was sentenced to 94 months in prison and 5 years supervised release for the conspiracy to distribute conviction and 46 months in prison and 5 years supervised release for the firearms conviction.

The Bureau of Prisons (BOP), in connection with its inmate security designation and custody classification procedures, assigned Long a Public Safety Factor of "Greatest Severity." Long filed a request for administrative remedy seeking removal of the "Greatest Severity" classification. The

Warden declined the request. Long appealed that decision to the regional director of the BOP, who denied the appeal. Long then appealed to the Office of General Counsel. He does not indicate whether that appeal has been addressed.

On February 13, 2014, Long filed the pending habeas petition. He argues that he was arbitrarily and capriciously assigned the Greatest Severity Public Safety Factor and that he is, consequently, unfairly prevented from being placed in a minimum security facility.

## II

### A

Rule 4 of the Rules Governing Section 2254 cases provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the claims asserted by Long in his petition do not warrant habeas relief.

### B

Long argues that he is being unlawfully held in a low, rather than minimum, security facility based upon an improper Public Safety Factor of Greatest Severity, and that this designation limits his ability to participate in certain prison programs. A district court may grant a writ of habeas corpus if a petitioner is being held "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3).

Congress has given federal prison officials full discretion to control prisoner classification, 18 U.S.C. § 4081; thus, a prisoner "has no legitimate statutory or constitutional entitlement [to a particular classification] sufficient to invoke due process." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). In addition, Long has no constitutional right to be housed in a particular prison, assigned a particular security classification, or provided certain educational programs. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1986); *see also Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (federal inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity," which prevented his placement in a minimum security facility). Further, the fact that a Public Safety Factor may impact an inmate's eligibility to participate in certain BOP programs does not violate an inmate's constitutional rights. *See Moody*, 429 U.S. at 88 n.9. Accordingly, Long has failed to establish any constitutional violation in being assessed the Greatest Severity Public Safety Factor or in his assignment to a low security facility. The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

### III

Before Long may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on

procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's ruling debatable or wrong, and a certificate of appealability will not be granted. The Court will also deny Long permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## IV

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED** and the matter is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis are **DENIED**.

Dated: May 8, 2014                                                  s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Michael Long #11248030, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160 by first class U.S. mail, on May 8, 2014.

                                         s/Tracy A. Jacobs
                                         TRACY A. JACOBS